UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVE REINE AND JULIE REINE | CIVIL ACTION NO. 13-cv-5641 |
| VERSUS | SECTION "C" |
| STATE FARM INSURANCE COMPANY, et al | HON. HELEN BERRIGAN |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss and/or Alternatively for Summary Judgment submitted by defendant, the Federal Emergency Management Agency ("FEMA"). Rec. Doc. 27. Plaintiff has not opposed the motion. Having considered the record, the law, and the memoranda of counsel, the Court GRANTS IN PART and DENIES IN PART FEMA's motion.

I.     Factual background

This dispute arises out of defendants' refusal to make payments on a home insurance policy for damage that plaintiffs allege they suffered from Hurricane Isaac's storm surge. Plaintiffs own property in LaPlace, Louisiana ("the residence"). Rec. Doc. 1, ¶4 at 2. They maintained flood insurance coverage under a Standard Flood Insurance Policy ("SFIP") issued

1

by FEMA through the National Flood Insurance Program and effective from June 23, 2013 through June 23, 2013. Rec. Doc. 27-2, ¶4-5 at 2. According to plaintiffs, on August 29, 2012, the residence sustained damage from Hurricane Isaac's storm surge. Rec. Doc. 1, §8 at 3. Per declarations and documents provided by FEMA, on September 4, 2012, an independent adjuster inspected the property and issued a final report. The report recommended a payment of $116,944.18 for damage to the building and contents loss. Rec. Doc. 27-7 at 4. On September 10, 2012 an advance payment of $5,000 was issued. Rec. Doc. 27-8. On October 30, 2012, plaintiffs submitted a signed proof of loss for $105,629.29 with a statement for replacement cost coverage for $11,314.89. Rec. Doc. 27-10. On November 9, 2012, FEMA issued a final building payment and final contents payment for the amount sworn to in the proof of loss. Rec. Docs. 11, 12. On that date, FEMA also issued a denial of additional amounts that plaintiffs had claimed for property damage which FEMA found could not have been caused by the three inches of water that entered the home. Rec. Doc. 27-13.

On November 27, 2012, plaintiffs submitted a new estimate of damages by Michaelson and Messinger Insurance Specialists, LLC for $390,203.16 ("November estimate"). Rec. Doc. 27-14. However, FEMA alleges that plaintiffs never submitted an additional proof of loss to substantiate the amount claimed in the November estimate. Rec. Doc. 27-2, ¶17 at 5. On August 28, 2013, plaintiffs filed suit against FEMA and State Farm Insurance Company ("State Farm"), alleging breach of contract, bad faith claims adjusting, negligent claims adjusting, and intentional infliction of emotional distress due to defendants' refusal to make further payments for the damages claimed in the November estimate. Rec. Doc. 1.

## II. Standard of review

FEMA has filed this motion as a motion to dismiss or, in the alternative, as a motion for summary judgment. Because FEMA has introduced into the record evidence that goes beyond plaiintiffs' pleadings, including a sworn declaration and numerous documents to support its motion, the Court finds that the motion is more appropriately evaluated as a motion for summary judgment.

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996).

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324. "[U]nsubstantiated assertions" and "conclusory allegations" will not defeat a properly supported motion for summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73 (1990). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249-50 (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III. Law and Analysis

#### a. Plaintiffs' breach of contract claim

FEMA claims it is entitled to summary judgment on plaintiffs' breach of contract claim because plaintiffs failed to submit a proof of loss in support of the November estimate. Plaintiffs were covered under a Standard Flood Insurance Policy ("SFIP") issued by FEMA. Rec. Doc. 27-2, ¶4 at 2. Federal regulations require as a precondition to recovery that the insured submit a proof of loss to their insurer within 60 days. The proof of loss must be signed and sworn and must include, *inter alia*, the date and time of loss, specifications of damaged buildings and detailed repair estimates, and an inventory of damaged personal property. 44 C.F.R. § Pt. 61, App. A(1)(VII)(J)(4). Although normally the insured must submit proof of loss within 60 days, the Acting Federal Insurance Administrator extended this deadline for claims related to Hurricane Isaac, giving plaintiffs approximately 240 days to submit the proof of loss. Rec. Doc. 27-16. The Fifth Circuit Court of Appeals has held that "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced" and that the failure to provide proof of loss "relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). Because plaintiffs have not adduced any evidence that they did in fact timely submit a proof of loss, the Court finds that

4

FEMA is entitled to summary judgment on plaintiff's breach of contract claim. Accordingly, plaintiffs' breach of contract claim is DISMISSED WITH PREJUDICE.

      b. *Plaintiffs' remaining claims*

Plaintiffs also state claims for bad faith claims adjusting, negligent claims adjusting, and intentional infliction of emotional distress. Rec. Doc. 1. Though FEMA moves for the dismissal of the entire action, it has not addressed plaintiffs' remaining claims and whether summary judgment is warranted. Accordingly, the Court declines to dismiss these claims at present.

Accordingly,

IT IS ORDERED that FEMA's Motion for Summary Judgment (Rec. Doc. 27) is GRANTED as to plaintiff's breach of contract claim against FEMA, and that the claim is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 13th day of February 2015.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE